**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THOMAS DENTINO,<br><br>       Plaintiff,<br><br>vs.<br><br>MOIHARWIN DIVERSIFIED CORPORATION, *et al.*,<br><br>       Defendants. | 2:16-cv-00904-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Plaintiff's Motion for Partial Summary Judgment (ECF No.27)] |

   Before the court is Plaintiff's Motion for Partial Summary Judgment; Declaration of Trent L. Richards in Support Thereof. (ECF No. 27). Defendant opposed the motion (ECF No. 30). Plaintiff filed a reply (ECF No. 32).

   Reviewing the parties' arguments and the evidence proffered in support of those arguments, I find genuine issues of material fact preclude the granting of this motion.

   Plaintiff's First Claim for Relief (ECF No. 24) alleges that defendant failed to provide plaintiff with the disclosure required by 15 U.S.C. § 1692g(a). Defendant has not produced evidence that the required notice was sent addressed specifically to plaintiff at plaintiff's residence, 8501 W. University Ave., Apt 1093, Las Vegas, NV 89147. Defendant has come forward with evidence, however, showing that a required notice was sent to Rachel Gonzales at 8501 W. University Ave, Apt 1093, Las Vegas, NV 89147. Additional evidence in the record supports the following: (1) at all times material, plaintiff and Ms. Gonzales were living together at this address; (2) they are now married; and (3) Plaintiff and Ms. Gonzales are the parents of a child who received medical treatment giving rise to the debt at issue.

   Based on this evidence, a jury could conclude that when defendant sent the notice to Ms. Gonzales it complied or substantially complied with its obligation to Plaintiff under 15 U.S.C. § 1692g(a).

Partial Summary Judgment finding liability on plaintiff's First Claim for Relief is also precluded by the genuine issues of material fact relevant to an affirmative defense interposed by defendant (ECF No. 30, Section III. G.; ECF No. 32, Section II.)  The Bona Fide Error Defense is based on 15 U.S.C. § 1692k(c), which provides as follows:

> (c) Intent
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Testimony consistent with the declaration of Lori Peet, attached as Exhibit 2 to defendant's Opposition (ECF No. 30-2), would provide sufficient evidence for the jury to find for defendant based on this affirmative defense.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (ECF No. 27) is DENIED.

DATED this 21st day of November, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE