**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

THOMAS DENTINO,

        Plaintiff,

vs.

MOIHARWIN DIVERSIFIED CORPORATION doing business as VEGAS VALLEY COLLECTION SERVICES,

        Defendant.

Case No. 2:16–cv–904–VCF

**ORDER**

Before the court are Dentino's motion for attorney's fees (ECF No. 48), the Defendant's response (ECF No. 49), and Dentino's reply (ECF No. 50). For the reasons stated below, Dentino's motion is granted.

**I. Discussion**

1. <u>Reasonable Attorney Fees</u>

"[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such a person in an amount equal to the sum of – (1) any actual damages sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k. "[I]n the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.*

Courts typically apply the two-step "lodestar" method to determine a party's reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably

expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks omitted). "The product of this computation—the 'lodestar figure'—is a presumptively reasonable fee." *See id.*

        a.      *Reasonable Number of Hours*

"[A] reasonable number of hours equals the number of hours … which could reasonably have been billed to a private client." *Id.* (internal quotation marks omitted). "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Id.* "[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." *Id.*

"[I]n some cases, the prevailing party may submit billing records which include hours that could not reasonably be billed to a private client." *Id.* at 1203. "For example, records may contain entries for hours that are excessive, redundant or otherwise unnecessary." Id. Courts may exclude such hours using one of two methods. *Id.* "First, the court may conduct an 'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.* Second, the court may "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.* (internal quotation marks omitted).

"[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction." *Id.* "[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2013).

According to the billing records submitted by Dentino (ECF No. 48-1), attorney Mark Bourassa billed 21.6 hours, attorney Trent Richards billed 76.2 hours, attorney Hillary Ross billed 4.7 hours, and three Bourassa Law Group's (BLG) paralegals billed a total of 27.8 hours.  (*Id.*)

By in large, the number of hours billed by the BLG was reasonable.  The one exception is the time billed by attorney Trent Richards.  With regard to certain tasks, the time he billed was unnecessary and excessive.  For example, he billed for 3.7 hours to "[p]repare for deposition with client; met with client and witness; attend deposition of Plaintiff."  (*Id.*)  On another occasion, he billed 2.1 hours for "[r]easearch disclosure of fee agreement as applicable to attorney client privilege."  (*Id.*)  On other occasions, attorney Richards billed his time in blocks.  For example, on October 19, 2016, he "[r]eviewed and revised responses to requests for production and finalized responses; reviewed and revised joint pretrial memorandum; drafted email to opposing counsel transmitting proposed pretrial memorandum for consideration" for a total of 2.1 hours.  (*Id.*)  Since instances of excessive and block billing appear throughout the billing record, this court will exercise its discretion to impose a 10% "haircut" on attorney Richards's total billable hours.  *Moreno*, 534 F.3d at 1112.  This reduces attorney Richards's billable hours from 76.2 to 68.58.

        b.    *Reasonable Hourly Rate*

The 'prevailing market rates in the relevant legal community' set the reasonable hourly rate for purposes of computing the lodestar amount."  *Gonzalez*, 729 F.3d at 1205.  "Within this geographic community, the district court should 'take into consideration the experience, skill, and reputation of the attorney or paralegal." *Id.* (internal quotation marks omitted).  According to the affidavit in support of Dentino's fee motion, attorneys Bourassa and Ross are partners with BLG and billed $350 per hours for their time.  (ECF No. 48-1)  Paralegals for BLG billed at $125 per hour.  (*Id.*)  The Defendant does not dispute the reasonableness of any of these hourly rate.  (ECF No. 49)  Attorney Richards is an associate

with the firm, yet billed at the partner rate of $350 per hour. (ECF No. 48-1) The Defendant does object to the reasonableness of this hourly rate. (ECF No. 49)

Attorney Richards is a recent graduate of UNLV Boyd School of Law and worked at one law firm prior to joining BLG. (ECF No. 48-1) Attorney Bourassa is the founding partner of BLG and has experience litigating a wide-variety of civil claims. (*Id.*) Dentino has not provided sufficient evidence for this court to conclude that these two attorneys, with vastly different levels of experience, should be allowed to bill at the same hourly rate. *Gonzalez*, 729 F.3d at 1202. Having determined that $350 per hour is an unreasonable for attorney Richards, this court must determine a reasonable hourly rate.

The Defendant argues that a reasonable hourly rate for an associate attorney working on a civil case is between $200 and $225 per hour. (ECF No. 49-7) A brief survey of recent orders awarding attorney's fees supports an associate hourly rate of $225 per hour. *American Contractors Indemnity Company v. Emerald Assets L.P.*, No. 2:15-cv-1334, 2016 WL 4591767 at *5 (D.Nev. Sept. 2, 2016)(granting fees at $125 per hour for an associate); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2-14-cv-71-MMD-CWH, 2016 WL 3750651 at *5 (D.Nev. July 13, 2016)(granting fees at $255 per hour for an associate); *Boliba v. Camping World, Inc.*, No. 2:14-cv-1840-JAD-NJK, 2015 WL 5089808 at *4 (D.Nev. Aug. 27, 2015)(granting fees at $200 per hour for an associate).

Based on this court's determination of the reasonable hours billed and reasonable hourly rates, the following fee computation applies:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | Attorney Mark Bourassa | 21.6 hours billed | x | $350/hr | = | $7,560.00 |
| 2. | Attorney Hillary Ross | 4.7 hours billed | x | $350/hr | = | $1,645.00 |
| 3. | Attorney Trent Richards | 68.58 hours billed | x | $225/hr | = | $15,430.50 |
| 4. | BLG paralegals | 27.8 hour billed | x | $125/hr | = | $3,475.00 |
| | | | | Total: | | $28,110.50 |

2.  Bill of Costs

Dentino also moves for $1,022.29 in costs.  (ECF No. 48)  He attached an itemized list for his costs as well as receipts for some of the services used.  (ECF No. 48-1)  With the exception of the attorneys' travel expenses, all costs listed in Dentino's invoice are taxable under the Local Rules.  LR-54-11.  Attorney travel expenses totaled $85.66.  This amount will be subtracted from Dentino's award of costs.  Dentino's total cost award is $936.63.

3.  Pre- and Post-Judgement Interest

Pursuant to 28 U.S.C. §1961, post-judgment interest will be assessed as a rate of .79% per year.  Interest will be assessed from December 1, 2016, the date judgment was entered, onwards.  (ECF No. 46)  28 U.S.C. §1961 does not provide for pre-judgment interest.  Therefore no pre-judgment interest will be assessed.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Dentino's motion for attorney's fees (ECF No. 48) is GRANTED.

IT IS FURTHER ORDERED that Dentino is awarded $28,110.50 in attorney's fees and $936.63 in costs.

IT IS FURTHER ORDERED that post-judgment interest will be assessed at an annual rate of .79%.  Interest will be assessed from December 1, 2016 onwards.

IT IS FURTHER ORDERED that the Clerk enter an amended judgment consistent with this order.

IT IS SO ORDERED.

DATED this 12th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE